■ BANK OF INDIA, Respondent, v JAYA C. MELWANI, Appellant, et al., Defendants. [613 NYS2d 390] —Order, Supreme Court,

New York County (Beverly Cohen, J.), entered March 4, 1993, which, insofar as is relevant to the appeal, granted plaintiff's motion for summary judgment, struck defendant-appellant's affirmative defenses, held defendant-appellant liable for deficiencies following a mortgage foreclosure sale and directed a hearing before a Referee to determine the amount owed to plaintiff, with related relief, unanimously affirmed, without costs.

The guarantee appellant executed applies both to contemporaneous loans and to future loans, is unconditional, and covers all obligations "now or hereafter existing". Appellant has not made a detailed "evidentiary showing" that the principal obligation had been completely satisfied (cf., Banque Indosuez v Pandeff, 193 AD2d 265, 272). Similarly, she has not set forth sufficient evidence that the principal obligor and the creditor " ' "have clearly expressed or manifested their intention that a subsequent agreement supersede or substitute for an old agreement" ' " (Flaum v Birnbaum, 120 AD2d 183, 192).

We have considered the appellant's remaining arguments, and find them to be without merit. Concur—Rosenberger, J. P., Kupferman, Ross, Nardelli and Tom, JJ.